UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY S. MORROW,

        Plaintiff,

   v.                              CAUSE NO. 3:20-CV-131 DRL-MGG

JASON ENGLISH and JOHN R.
HARVILL,

        Defendants.

OPINION AND ORDER

Timothy S. Morrow, a prisoner without a lawyer, filed a complaint about the grievance process and the quality of the kosher meals at Westville Correctional Facility. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Mr. Morrow alleges that John R. Harvill either does not answer grievances or answers them in a way that makes it impossible to appeal and get his grievances addressed. However, he has no constitutional right to access the prison's grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008) (noting that

there is no Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Therefore, the complaint does not state a claim against Mr. Harvill.

Mr. Morrow also asserts that Jason English has not adequately responded to the grievances he filed about the condition of the kosher trays served at Westville. He says the food is often spoiled or rotten and food is always missing from the trays. Again, there is no constitutional right to a grievance process. But inmates are entitled to adequate food, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009), and forcing an inmate to choose between adequate nutrition and a religious practice may constitute a substantial burden on his religious practice, *Jones v. Carter*, 915 F.3d 1147, 1150 (7th Cir. 2019). However, Mr. Morrow does not detail how, outside of processing grievances, Mr. English was personally involved with the kosher food trays. Mr. English is identified only as an "Aramark supervisor," ECF 1 at 1, but "lawsuits against individuals [under 42 U.S.C. § 1983] require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cty.*, 327 F.3d 588, 594 (7th Cir. 2003). Mr. English cannot be held liable based solely on the actions of his subordinates. *See Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) ("[T]o be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct."). Therefore, the complaint does not state a claim against Mr. English.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Morrow to amend his complaint if, after reviewing this court's order, he believes that

2

he can state a viable claim for relief, consistent with the allegations he has already made. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS Timothy S. Morrow leave to file an amended complaint by **April 12, 2021**; and

(2) CAUTIONS Timothy S. Morrow that if he does not file an amended complaint by the deadline, this case will be dismissed under 28 U.S.C. § 1915A because this complaint on file does not state a claim.

SO ORDERED.

March 11, 2021                               *s/ Damon R. Leichty*
                                             Judge, United States District Court