UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY S. MORROW, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:20-CV-131 DRL-MGG |
| JASON ENGLISH, | |
| Defendant. | |

OPINION AND ORDER

Timothy S. Morrow, a prisoner proceeding without a lawyer, filed a complaint about the quality of the kosher meals served at the Westville Correctional Facility. ECF 1. The court found that the complaint did not state a claim as written and allowed Mr. Morrow to submit an amended complaint. ECF 21. He has done so. ECF 24. Now the court must review the merits of that filing and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

The second amended complaint alleges that Jason English is a supervisor at Aramark, the private company that is contracted to provide food for the inmates at Westville. Mr. Morrow claims that the food he receives on the Kosher diet trays is rotten, stale, and not approved Kosher food. He says he submitted 28 informal request slips to

Supervisor English because he had the ability to remedy the problem. Supervisor English responded to 12 of the requests but did not fix the problem. Mr. Morrow seeks injunctive relief to ensure the Kosher trays are corrected and compensation for the violation of his religious rights.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice," *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013), though restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns, *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Serving rotten and non-Kosher food on the Kosher food trays could constitute a substantial burden on an inmate's religious practice. Mr. Morrow states a plausible First Amendment claim for money damages against Jason English.

The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords broader protections than the First Amendment; it authorizes injunctive relief but not monetary damages against individuals or state entities. 42 U.S.C. § 2000cc-1(a); *Sossamon v. Texas*, 563 U.S. 277, 285 (2011); *Nelson v. Miller*, 570 F.3d 868, 886-87 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019). RLUIPA prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person is in furtherance of a

2

compelling governmental interest and is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *Holt v. Hobbs*, 574 U.S. 352 (2015). Mr. Morrow plausibly alleges that the problems with the Kosher meals are substantially burdening his religious practice and that he is entitled to appropriate meals. Westville's Warden, as the official overseeing operations at the prison, has both the authority and the responsibility to ensure that inmates are given a proper religious diet in accordance with RLUIPA. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, the Warden will be added as a defendant. Mr. Morrow will be permitted to proceed on a claim against him in his official capacity for permanent injunctive relief under RLUIPA related to his on-going need for adequate Kosher meals.

For these reasons, the court:

(1) DIRECTS the clerk to add the Warden of the Westville Correctional Facility in his official capacity as a defendant;

(2) GRANTS Timothy S. Morrow leave to proceed against Jason English in his individual capacity on a claim for compensatory and punitive damages under the First Amendment for denying him adequate Kosher meals;

(3) GRANTS Timothy S. Morrow leave to proceed against the Westville Correctional Facility Warden in his official capacity on a claim for injunctive relief under RLUIPA to receive adequate Kosher meals;

(4) DISMISSESS all other claims;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on)

Jason English at the Westville Correctional Facility with a copy of this order and the second amended complaint (ECF 24), pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Westville Correctional Facility Warden at the Indiana Department of Correction with a copy of this order and the second amended complaint (ECF 24), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if they have such information;

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Jason English and the Westville Correctional Facility Warden to respond to the second amended complaint as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

May 19, 2021                                      *s/ Damon R. Leichty*
                                                  Judge, United States District Court